**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-00345-CMA-NRN

POWER ENGINEERING CO.,

     Plaintiff,

v.

FEDERAL INSURANCE COMPANY,

     Defendant.

---

## ~~PROPOSED~~ SCHEDULING ORDER

---

Plaintiff, Power Engineering Co. ("Plaintiff"), and Defendant, Federal Insurance Company ("Defendant" or "Federal"), by and through undersigned counsel, hereby submit the Proposed Scheduling Order as follows:

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

A Scheduling Conference will be held on **May 7, 2021, at 2:30 p.m.,** before Magistrate Judge N. Reid Neureiter. The parties have been ordered to appear telephonically by calling the Court at 888-398-2342 and using access code: 5755390#. It is anticipated that the following attorneys will appear to represent the following parties:

| **Appearing for Plaintiff** | **Appearing for Defendant** |
|---|---|
| Jonathan S. Sar | Kevin S. Hoskins |
| Thomas J. Archer | Foran Glennon Palandech Ponzi & Rudloff PC |
| Leventhal Sar LLC | 700 17th Street, Suite 1350 |
| 3200 Cherry Creek S. Drive | Denver, CO 80202 |
| Suite 520 | Tel: 720.336.2230 |
| Denver, CO 80209 | Email: khoskins@fgppr.com |
| Tel: 303.835.4572 | |
| Email: jsar@dalyblack.com | |

1

## 2. STATEMENT OF JURISDICTION

Jurisdiction is proper in the United States District Court, District of Colorado pursuant to 28 U.S.C. §1332(a)(1). Plaintiff is a corporation organized under the laws of Colorado with its principal place of business in Denver, Colorado. Defendant is not a citizen of the State of Colorado, and is a corporation organized under the laws of Indiana, with its principal place of business in Indianapolis, Indiana. The amount in controversy exceeds $75,000.

## 3. STATEMENT OF CLAIMS AND DEFENSES

**Plaintiff:**   Plaintiff is the owner of the subject property — a commercial property with a total roof area of approximately 65,000 square feet comprised of several roofing types, including TPO membrane, modified bitumen, metal, and spray polyurethane foam ("SPF") — located at 2525 South Delaware Street, Denver, CO 80223 (the "Property"). At all relevant times, Plaintiff is and was the beneficiary of a commercial property insurance policy (the Policy") covering the Property issued by Defendant, Federal Insurance Company ("Chubb").

On or about July 15, 2016, a severe hail, wind, and rainstorm struck the Denver, Colorado area. The Property was also impacted by large hail on multiple dates during the coverage periods after July 15, 2016, including June 19, 2018. During these storms, the Property was severely damaged by hail and wind; the damage included the Property's roof system.

On November 6, 2018, Plaintiff filed a claim with Chubb. Chubb engaged an engineering company to inspect the Property for hail damage and to determine the age of any such damage. The engineering company issued a reported dated November 14, 2018, in which it concluded, *inter alia*, that the TPO membrane, east-side metal, a portion of the SPF, and the HVAC were all damaged by hail. The engineering company issued a supplemental report dated January 3, 2019,

restating the prior conclusions, and adding that the modified bitumen was also damaged by hail. Chubb issued a check to Plaintiff dated January 28, 2019, for $446,304.07.

Based on an estimate prepared by a public adjusting company, Plaintiff signed a Sworn Statement in Proof of Loss dated June 24, 2019, which indicated hail-damage in the amount of $3,590,289.60.

In August 2019, Chubb representatives reinspected the property and, based upon the reinspection, Chubb issued a $136,944.27 payment by check dated October 11, 2019, which indicated that it was "In Settlement of Supplement Payment Based on Updated Scope." Chub sent Plaintiff's public adjuster a letter dated December 4, 2019, partially denying the claim because the Policy "excludes damages that are the result of faulty, inadequate or defective planning, design, specifications, construction, maintenance, and materials. In addition, the policy excludes damages that are the result of wear, tear, and/or deterioration."

Chubb did not provide any additional payments for damage following its $136,944.27 payment, and Chubb continues to hold back $159,583.68 for "code upgrade" amounts on the basis that such amounts are paid when incurred.

Chubb has denied payment of benefits needed to cover the total cost of repair to the Property's roof and HVAC units without a reasonable basis.

Plaintiff's claims include breach of contract; and unreasonable delay and denial under C.R.S. § 10-3-1115 and 1116.

**Defendant:**   This case arises from a hailstorm that occurred on or about July 15, 2016. The hailstorm allegedly caused damage to the roof of Plaintiff's building located in Lakewood,

Colorado. Plaintiff did not report the alleged loss caused by the 2016 hailstorm until more than 2 years later, on November 6, 2018.

After receiving notice of Plaintiff's insurance claim on November 6, 2018, Federal promptly undertook an investigation of the claim and inspected Plaintiff's claimed losses in a timely manner. Federal retained the services of building consultant, Mike Fultz with Grecco Construction, a roofing consultant, Conrad Kawulok with Construction Analytics, and Professional Engineer, Jonathan Friedman with EFI Global to assist in determining the scope of damages, repairs, and building codes applicable to this loss.

There are several types of roof systems covering buildings on the subject property. The office building is covered with a TPO membrane, the production buildings are covered with modified bitumen, foam and metal panels.



Figure 1. Aerial view of Subject Property located at 2525 South Delaware Street in Denver, CO.
Types of roofs include Metal Panel, TPO, Foam and Modified Bitumen.
(Google Earth, 2018)

Federal's consultants identified limited hail damage to some parts of the structure that could be

attributed to hail events. The consultants determined that the ISO board backing for the TPO roof

covering the office building was damaged by hail stone impacts and the damage was attributable

to a June 19, 2018 hail event. The observed hail damage warranted replacement of the TPO

membrane and ISO insulation board. No damage was observed to the modified bitumen roof

system covering the production buildings. Some small diameter tears and indentations were

observed on the foam (spray polyurethane foam or "SPF") system over a portion of the production

buildings that were caused by hail impacts. The hail damage to the SPF was attributable to one or

more of the hail events that have occurred at the subject property since the roof was installed in 2001.

Some small diameter indentations were observed on the metal panel roof system over the east side of the production building which were consistent with hail impacts. Based on weather records reflecting the size of hail stones during historic hailstorms, it was determined that these dents most likely occurred during hail events in 2014 and/or 2015. No damage was observed to the metal panel roof system covering the west side of the production buildings.

 The consultants determined that the limited hail damage could be repaired and that a complete replacement of the entire roof was unwarranted. Roofing consultants Construction Analytics prepared a report and cost estimates to perform the repairs. Federal promptly paid a total of $729,365.58 as an undisputed payment pursuant to these estimates. Federal properly denied those portions of Plaintiff's alleged loss that were not covered by the subject Policy.

Federal neither breached its contract with Plaintiff nor delayed or denied payment of a covered benefit without a reasonable basis. At all times, Federal acted in good faith, in accordance with its contractual obligations under the insurance policy issued to Plaintiff and had a reasonable basis for its claim decisions. Accordingly, Plaintiff cannot prevail on its claims.

In addition, Federal has raised the following defenses:

1.      Plaintiff's claims are subject to and may be barred and/or limited by the contractual terms, conditions, provisions, exclusions and/or limitations contained within the Policy, including but not limited to those concerning Loss Payment and the Policy deductible.

2.      Plaintiff's claims may be barred, in whole or in part, to the extent the hail damage is old and did not occur during the Policy period.

3.      Plaintiff's claims may be barred in whole or in part by Plaintiff's failure to comply with relevant Policy conditions including but not limited to Plaintiff's duties to give Federal prompt notice of the loss or damage and give Federal a description of how, when and where the loss or damage occurred as soon as possible.

4.      Plaintiff may have failed to mitigate its damages, if any, as required by law.

5.      Plaintiff's claims may be barred, in whole or in part, by the applicable statutes of limitation and/or the Legal Action Against US provision of the subject Policy.

5.  Federal reserves the right to assert additional affirmative defenses or to withdraw affirmative defenses based on further investigation or discovery.

## 4. UNDISPUTED FACTS

1.      Federal is a corporation organized under the laws of Indiana with its principal place of business located in Indiana.

2.      Plaintiff is a corporation organized under the laws of the State of Colorado with its principal place of business in Lakewood, Colorado.

3.      Defendant issued a commercial insurance policy to Plaintiff, policy no. 3602-71-67 DEN., with effective dates of December 31, 2015, to December 31, 2016 (the "Policy").

4.      The Policy provides coverage for certain real property located at 2525 South Delaware Street, Denver, CO 80223, subject to the terms and conditions in the Policy.

## 5. <u>**COMPUTATION OF DAMAGES**</u>

<u>**Plaintiff's Calculation:**</u>

The following computation of damages is a preliminary estimate, based upon information now known and reasonably available. This computation will be supplemented and revised as additional information becomes available.

- Breach of contract damages: The amount of damages sustained by Plaintiff as a result of the covered losses and not paid by Defendant, which represents the reasonable and necessary cost of repairs to the Property (less any applicable deductibles or prior payments), as well as consequential damages. The estimated cost of repair is approximately $1,750,000.

- Reasonable attorney fees and court costs and two times the covered benefit under C.R.S. § 10-3-1116(1).

- All interest, including pre-judgment and post-judgment interest.

<u>**Defendant's Calculation:**</u>

Apart from its costs and attorney's fees, Federal is not presently seeking damages subject to computation here.

## 6. <u>**REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)**</u>

a.     Date of Rule 26(f) meeting: **March 26, 2021**.

b.     Names of each participant and party he/she represented:

Plaintiff was represented by Jonathan Sar. Defendant was represented by Kevin Hoskins.

c.     Statement as to when Rule 26(a)(1) disclosures were made or will be made:

Plaintiff served Rule 26(a)(1) disclosures on April 13, 2021. Defendant served Rule 26(a)(1) disclosures on April 14, 2021.

d.      Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1):  None.

e.      Statement concerning any agreements to conduct informal discovery:

The parties discussed the possibility of conducting informal discovery, including the exchange of documents.

f.      Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system:

The parties shall use a unified system of exhibits beginning with the number one (1) in depositions. The parties agree to exchange discovery and exhibits electronically and to Bates-number the documents they produce. Any document marked confidential shall be marked such that text shall not be fully or partially obscured so as to render OCR and searches of text more difficult.

Parties shall meet and confer regarding any need for a Protective Order, and if needed, then parties shall file their Motion for Protective Order and proposed Protective Order **within the next 10 days.**

g.      Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic format:

The parties do not anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic format.

h.      Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case:

The parties have discussed the possibility of settlement but agree that preliminary discovery will be needed before further discussions commence. The parties will keep an open dialogue regarding settlement as discovery progresses.

## 7. <u>CONSENT</u>

All parties **have not** consented to the exercise of jurisdiction of a magistrate judge.

## 8. <u>DISCOVERY LIMITATIONS</u>

a.      Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules:

5 depositions per side not including experts. 25 interrogatories per side

b.      Limitations which any party proposed on the length of depositions.

The parties propose limitations of seven (7) hours on the length of depositions, in accordance with the Federal Rules. A corporate party who is deposed under Rule 30(b)(6) may be deposed only for up to seven hours, regardless of the number of representatives designated to testify on the corporation's behalf. Despite these limitations, the parties anticipate they will use reasonable efforts to keep the depositions to the amount of time reasonably necessary to accomplish legitimate purposes of discovery.

c.      Limitations which any party proposes on the number of requests for production and/or requests for admissions:

25 requests for production per side and 25 requests for admission per side, excluding requests for admission needed for the authenticity of documents.

d.      Deadline for Service of Interrogatories, Requests for Production of Documents and/or Admissions:

~~November 17, 2021~~. 45 days prior to the close of discovery

e.      Other planning or discovery orders.

Depending on the scope of discovery sought, the parties anticipate that a protective order may be necessary to facilitate discovery. The parties will endeavor to confer and reach an agreement on the contours of a protective order such that the same can be filed in a stipulated motion.

## 9. CASE PLAN AND SCHEDULE

**a.**      Deadline for Joinder of Parties and Amendment of Pleadings: **May 19, 2021**

**b.**      Discovery Cut-off: ~~February 14, 2022~~ **February 21, 2022**

**c.**      Dispositive Motions and Motions pursuant to Fed. R. Civ. P. 702, 703 and 704

Deadline: ~~March 9, 2022~~ **March 16, 2022**

d.      Expert Witness Disclosure:

1.      The parties shall identify anticipated fields of expert testimony, if any.

(a)      Plaintiff anticipates calling expert witnesses in the following areas: (1) meteorology; (2) professional engineering; (3) construction standards and costs; (4) insurance industry standards and practices; (5) code enforcement; and (6) any field upon which Defendant designates an expert.

(b)      Defendant anticipates calling expert witnesses in the following areas: (1) insurance claim handling/industry standards; (2) engineering and construction standards, costs and pricing; (3) Code enforcement; and (4) any field upon which Plaintiff designates an expert.

2.      Limitations which the parties propose on the use or number of expert witnesses. The parties propose that they be permitted to designate no more than one retained expert witness per area of expertise without obtaining leave of Court.

2.e.   Each side shall be limited to 5 affirmative expert witnesses, absent leave of court.

3.1.      The parties shall designate all affirmative experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before Wednesday, **December 15, 2021.** *[This includes disclosure of information applicable to "Witnesses Who Must Provide A Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).]*

4.2.      The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before Friday, **January 14, 2021   January 21, 2022** *[This includes disclosure of information applicable to "Witnesses Who Must Provide A Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).]*

e.f.      Identification of Persons to be Deposed:

Plaintiffs:

| Deponent | Length |
|---|---|
| Defendant pursuant to Fed. R. Civ. P. 30(b)(6) | Up to 7 hours |
| Adjuster(s) assigned to the claim | Up to 7 hours per witness |
| Defendant's designated expert witness(es) | Up to 7 hours per witness |
| Plaintiff reserves the right to depose additional witnesses as discovery proceeds | TBD |

Defendant:

| Deponent | Length |
|---|---|

| 30(b)(6) of Plaintiff | Up to 7 hours |
| --- | --- |

| 30(b)(6) of any repair contractor disclosed by Plaintiff | Up to 7 hours |
| Other fact witnesses revealed through discovery | Up to 7 hours or one day per witness |
| Plaintiffs' Experts | Up to 7 hours or one day per witness |
| Federal reserves the right to depose additional witnesses as discovery proceeds | |

## 10. DATES FOR FURTHER CONFERENCES

a.    ~~Status conferences will be held in this case at the following dates and times~~:

**JOINT STATUS REPORT** shall be filed no later than **December 1, 2021**

b.    A final pretrial conference will be held in this case on  May 11, 2022 at 9:30 a.m.

at_____o'clock_m. A final Pretrial Order shall be prepared by the parties

and submitted to the court no later than seven (7) days before the final pretrial

conference.

## 11. OTHER SCHEDULING MATTERS

a.    Identify those discovery or scheduling issues, if any, on which counsel, after a good

faith effort, were unable to reach an agreement.

        None.

b.    Anticipated length of trial and whether trial is to the court or jury.

        The parties anticipate that the trial of 5 to 7 days will be necessary and that the trial

        will be to a jury.

c.    Identify pretrial proceedings, if any, that the parties believe may be more efficiently

or economically conducted in the District Court's facilities at 212 N. Wahsatch Street,

Colorado Springs, Colorado; Wayne Aspinall U.S. Courthouse/Federal Building, 402

Rood Avenue, Grand Junction, Colorado; or the U.S. Courthouse/Federal Building, 103

Sheppard Drive, Durango, Colorado.

None.

## 12. <u>NOTICE TO COUNSEL AND *PRO SE* PARTIES</u>

The parties filing motions for extension of time or continuances must comply with

D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the

moving attorney's client, all attorneys of record, and all pro se parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial

Procedures or Practice Standards established by the judicial officer presiding over the trial of this

case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information

must be reported and filed with the Court pursuant to the applicable local rule.

## 13. <u>AMENDMENTS TO SCHEDULING ORDER.</u>

This scheduling order shall be amended only upon a showing of good cause.

DATED at Denver, Colorado, this 7th  day of May 2021.

BY THE COURT:

*N. Reid Neureiter*
_____
The Honorable N. Reid Neureiter
United States Magistrate Judge

APPROVED this 30th day of April 2021.

15

*/s/ Jonathan S. Sar*                    */s/ Kevin S. Hoskins*

Jonathan S. Sar
Thomas J. Archer
Daly & Black, P.C.
3200 Cherry Creek S. Drive
Suite 520
Denver, CO 80209
Tel: 303.835.4572
jsar@dalyblack.com
tarcher@dalyblack.com

and

Richard Daly
John Scott Black
Daly & Black, P.C.
2211 Norfolk Street, Suite 800
Houston TX 77098
Phone Number: 713-655-1405
Fax Number: 713-655-1587
Email: rdaly@dalyblack.com
        jblack@dalyblack.com
        ecfs@dalyblack.com


***Attorneys for Plaintiff***

Kevin S. Hoskins
Foran Glennon Palandech Ponzi & Rudloff
PC
700 17th Street
Suite  1350
Denver, CO 80202
720-336-2230
amy.samberg@clydeco.us
khoskins@fgppr.com
***Attorneys for Defendant***