IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Civil Action No. 21-cv-00345-CMA-NRN

POWER ENGINEERING CO,

 Plaintiff,

v.

FEDERAL INSURANCE COMPANY,

 Defendant.

**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND RESERVING RULING IN PART**

This matter is before the Court on Defendant Federal Insurance Company's ("Federal") Motion for Summary Judgment. (Doc. # 53.) For the following reasons, the Court grants the Motion in part and reserves ruling in part pending supplemental briefing.

  **I.**  **BACKGROUND**[1]

This is an insurance bad faith case regarding hail damage to the roof of Plaintiff Power Engineering Co's ("Power Engineering") commercial property located in Denver, Colorado ("Property"). At the time of the hailstorm, on July 15, 2016, Federal insured Power Engineering under a commercial property insurance policy, No. 3602-71-67 DEN

---

[1] The following material facts are undisputed. (Doc. # 53 at 4–5; Doc. # 54 at 3.)

("Policy"), with a coverage period from December 31, 2015, to December 31, 2016. (Doc. # 53 at 4.)

The Policy includes several conditions that apply to all contracts contained within the Property/Business Income Insurance sections of the Policy. (Doc. # 53-1 at 13.) One of the listed conditions, titled "Legal Actions Against Us," provides:

> No legal action may be brought against us unless:
>
> - there has been full compliance with all the terms of this insurance; and
> - the action is brought within three years after the date on which the direct physical loss or damage occurred.

(*Id.* at 16.) Another condition, titled "Insured's Duties in the Event of Loss or Damage," states that the insured must "[f]ile with us, or with our authorized representative, sworn proof of loss within 90 days after the date of loss or damage." (*Id.* at 14.)

Power Engineering submitted a Sworn Statement in Proof of Loss ("Proof of Loss") on June 24, 2019. (*Id.* at 25.) That document describes the loss as "Wind: Hail: Water Intrusion loss" and "Wind damage caused by storm." (*Id.*) It states that the loss occurred on July 15, 2016, and that the damage amounted to $3,590,289.60. (*Id.*)

After the parties were unable to agree on the amount of repair costs, Power Engineering filed this action in Denver County District Court on November 13, 2020. (Doc. # 9.) Federal subsequently removed the case to this Court. (Doc. # 1.) Power Engineering alleges two claims for relief: (1) breach of contract and (2) statutory unreasonable delay or denial of benefits under Colo. Rev. Stat. §§ 10-3-1115 and -1116. (Doc. # 9.)

Federal now moves for summary judgment on the grounds that (1) the breach of contract claim is time barred, and (2) the statutory claim for unreasonable delay or denial cannot proceed independent of the breach of contract claim. (Doc. # 53 at 3.) Power Engineering filed a Response (Doc. # 54), and Federal timely submitted its Reply (Doc. # 56).

## II.     LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it is essential to the proper disposition of the claim under the relevant substantive law. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001). A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee, Okla.*, 119 F.3d 837, 839 (10th Cir. 1997). When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *See id.* However, conclusory statements based merely on conjecture, speculation, or subjective belief do not constitute summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact and entitlement to judgment as a matter of law. *Id.* In attempting to meet this standard, a movant who does not bear the ultimate burden of persuasion at trial does not need to disprove the other party's claim; rather, the movant need simply point out to the Court a lack of evidence for the other party on an essential

element of that party's claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

Once the movant has met its initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The nonmoving party may not simply rest upon its pleadings to satisfy its burden. *Id.* Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler*, 144 F.3d at 671. Stated differently, the party must provide "significantly probative evidence" that would support a verdict in his favor. *Jaramillo v. Adams Cnty. Sch. Dist. 14*, 680 F.3d 1267, 1269 (10th Cir. 2012). "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Adler*, 144 F.3d at 671.

### III.  DISCUSSION

**A.  BREACH OF CONTRACT**

Federal first moves for summary judgment on Power Engineering's claim for breach of contract because the claim is outside the three-year contractual limitations period outlined in the Policy. (Doc. # 53 at 8.) Specifically, Federal argues that Power Engineering filed suit on November 13, 2020, but the hail damage occurred on July 15, 2016—more than four years earlier. (*Id.*) Power Engineering concedes that its breach of contract claim is time barred. (Doc. # 54 at 3.) Upon reviewing the Policy, the related briefing, and the applicable case law, the Court agrees with the parties that the claim for

breach of contract is untimely and grants Federal's Motion for Summary Judgment with respect to that claim.

B.     STATUTORY BAD FAITH

Because the parties agree that Power Engineering's breach of contract claim is time barred, the critical issue for resolving this Motion is whether Power Engineering's statutory bad faith claim may proceed independent of the breach of contract claim. The parties do not dispute that the statutory bad faith claim was timely filed within the two-year, post-discovery statute of limitations for such claims. *See* (Doc. # 54 at 4.) However, Federal argues that courts consistently dismiss statutory bad faith claims on the basis that they are "derivative" of breach of contract claims such that if the breach of contract claim fails, the statutory claim must also fail. (Doc. # 53 at 12.) Power Engineering contends that those decisions are not controlling because they involved breach of contract claims that failed "on the merits"—not time-barred claims. (Doc. # 54 at 4–5.) The Colorado Supreme Court has not addressed the precise issue of whether a statutory bad faith claim may proceed where the underlying breach of contract claim fails solely because it is time barred. "Where no controlling state decision exists, the federal court must attempt to predict what the state's highest court would do." *Wankier v. Crown Equip. Corp.*, 353 F.3d 862, 866 (10th Cir. 2003).

Although there is no Colorado state court precedent directly on point, one court in this district has considered the question raised in this case. *See Brookshire Downs at Heatherridge Condo. Ass'n, Inc. v. Owners Ins. Co.*, No. 17-cv-0871-WJM-NRN, 2019 WL 10946262 (D. Colo. Mar. 15, 2019). In *Brookshire Downs*, United States District

Judge William J. Martinez predicted that the Colorado Supreme Court would hold that a time-barred breach of contract claim does not foreclose a timely statutory unreasonable delay or denial claim. He reasoned that "Colorado Revised Statutes §§ 10-3-1115 and -1116 create a separate cause of action—separate from breach of contract, that is—whose triggering event is an allegedly unreasonable delay or denial of insurance benefits." *Id.* at *2. Judge Martinez further noted that in *American Family Mutual Insurance Company v. Barriga*, 418 P.3d 1181, 1185–86 (Colo. 2018), the Colorado Supreme Court "confirm[ed] that actions under the statute may proceed independent of a claim for breach of contract." *Brookshire Downs*, 2019 WL 10946262, at *2.

The Court agrees with Judge Martinez that the Colorado Supreme Court has indicated that a statutory unreasonable delay or denial claim is actionable distinct from a breach of contract claim. In *American Family*, the Colorado Supreme Court observed that "[a]n insured may bring a breach-of-contract claim **in addition to** a claim under the terms of section 10-3-1116(1)." 419 P.3d at 1185 (emphasis added). The court went on to evaluate breach of contract claims and statutory bad faith claims in the context of the rule against double recovery. It noted that the two claims "rely on two different sets of facts." *Id.* For a breach of contract claim, "an insured need only prove the existence of a contract and that the insurer breached the terms of that contract." *Id.* at 1186. However, to prevail on a statutory bad faith claim, a plaintiff must show that "the insurer delayed or denied authorizing payment of a covered benefit without a reasonable basis for that action." Colo. Rev. Stat. § 10-3-1115(2). Thus, while a plaintiff proceeding on a statutory bad faith claim may need to establish elements critical to a breach of contract claim

6

(*e.g.,* a "covered benefit"/"the existence of a contract"), the statutory claim requires a different showing of delay or denial "without a reasonable basis" and is therefore recoverable separate and apart from a breach of contract claim. *American Family*, 418 P.3d at 1186; *see Brookshire Downs*, 2019 WL 10946262, at *2 ("To establish the 'covered benefit' (a requirement for calculating damages under the statute) when alleging unreasonable *denial*, the plaintiff may need to put on a case materially indistinguishable from a breach of contract claim, but only as an element of establishing that the benefit is indeed 'covered.'"). Significantly, the Colorado Supreme Court said nothing about a breach of contract claim being a necessary prerequisite to recovery for statutory unreasonable delay or denial of benefits.

      Federal asks the Court to depart from the reasoning in *Brookshire Downs* and follow the multitude of cases that have held that statutory bad faith claims fail absent a viable breach of contract claim. (Doc. # 53 at 11.) To be sure, several courts—including this Court—have rejected statutory bad faith claims after determining that the related breach of contract claim was not viable. *See, e.g.*, *York v. Safeco Ins. Co. of Am.*, 540 F. Supp. 3d 1049, 1057 (D. Colo. 2021) (granting summary judgment on bad faith claims after determining that plaintiff's breach of contract claim failed for failure to establish entitlement to coverage under the policy); *Perry v. Auto-Owners Ins. Co.*, No. 19-cv-3116-WJM-SKC, 2021 WL 4060633, at *9 (D. Colo. Sept. 7, 2021) ("Because both the common law and statutory bad faith claims are predicated on the insurer unreasonably delaying or denying benefits and are derivative of Plaintiff's failed breach of contract claim, they also cannot survive summary judgment."). However, the Court

agrees with Power Engineering that these cases are inapposite because, in each case, the breach of contract claim (and the bad faith claims) failed "on the merits." In other words, the statutory bad faith claim failed—as the breach of contract claim failed—because the plaintiff did not establish entitlement to coverage under the policy. If the plaintiff could not show that he was owed benefits under a policy and that the defendant insurance company therefore breached the insurance contract, it reasonably follows that the plaintiff could not also prove that the insurer unreasonably delayed or denied benefits owed under Colo. Rev. Stat. §§ 10-3-1115 and -1116. *See York*, 540 F. Supp. 3d at 1057 (noting that a plaintiff must prove entitlement to benefits under the policy in order to prevail on a statutory unreasonable delay or denial of benefits claim). None of these cases addressed a scenario where a plaintiff could feasibly establish a "covered benefit" for purposes of a statutory bad faith claim but could not proceed on a breach of contract claim for the sole reason that the claim was time barred.

For these reasons, the Court agrees with the analysis in *Brookshire Downs* and predicts that the Colorado Supreme Court would hold that a timely claim for unreasonable delay or denial of benefits under Colo. Rev. Stat. §§ 10-3-1115 and -1116 may proceed even though the related breach of contract claim fails for being barred by the contractual limitations period. The Court therefore rejects Federal's argument that it is entitled to summary judgment on the statutory bad faith claim solely on the basis that the breach of contract claim is time barred.

However, upon carefully reviewing the briefing, the record in this case, and the applicable law, the Court determines that supplemental briefing is necessary in order to

8

determine whether summary judgment is warranted on the statutory bad faith claim on the basis that Power Engineering cannot establish a "covered benefit" pursuant to Colo. Rev. Stat. §§ 10-3-1115(2) and -1116(1). Specifically, it is unclear to the Court whether Power Engineering complied with its duty under the Policy to file a "sworn proof of loss within 90 days after the date of loss or damage" and, if not, whether such failure means that Power Engineering cannot establish that it is entitled to coverage under the Policy for the disputed loss.

## IV.  CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

- Defendant's Motion for Summary Judgment (Doc. # 53) is GRANTED IN PART. It is GRANTED with respect to Plaintiff's first claim for relief for breach of contract. The Court reserves ruling on the Motion as to Plaintiff's second claim for relief pursuant to Colo. Rev. Stat. §§ 10-3-1115 and -1116.

- Within 14 days of the issuance of this Order, Defendant shall supplement its summary judgment briefing to address whether Plaintiff can establish a "covered benefit" for its claim for unreasonable delay or denial of benefits under Colo. Rev. Stat. §§ 10-3-1115 and -1116. Plaintiff shall respond within 14 days of the filing of the Defendant's supplement. The parties' respective briefs shall not exceed 15 pages.

DATED:  November 1, 2022

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
Senior United States District Judge