**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello**

Civil Action No. 21-cv-00345-CMA-NRN

POWER ENGINEERING CO,

      Plaintiff,

v.

FEDERAL INSURANCE COMPANY,

      Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO
PLAINTIFF'S SECOND CLAIM FOR RELIEF**

---

      This matter is before the Court on Defendant Federal Insurance Company's ("Federal") Motion for Summary Judgment (Doc. # 53) and Supplemental Briefing (Doc. # 65). In a previous order dated November 1, 2022, the Court granted Federal's Motion for Summary Judgment with respect to Plaintiff's first claim for breach of contract and reserved ruling as to Plaintiff's second claim for statutory unreasonable delay or denial of benefits. (Doc. # 63.) Having reviewed the parties' supplemental briefing, the Court now denies Federal's Motion with respect to Plaintiff's second claim for relief.

## I.    <u>BACKGROUND</u>

      This is an insurance bad faith case relating to hail damage to the roof of Plaintiff Power Engineering Co's ("Power Engineering") commercial property located in Denver, Colorado. The Court incorporates its recitation of the factual background and procedural

history of this case from its November 1, 2022 Order (Doc. # 63) and will set forth only the facts necessary to address the supplemental briefing.

During the relevant time period of the hailstorm, Federal insured Power Engineering under a commercial property insurance policy, No. 3602-71-67 DEN ("Policy"). (Doc. # 65 at 2.) The Policy covers two buildings at the same commercial property complex ("Premises 1" and "Premises 2"). Among other provisions, the Policy requires that the insured must "[f]ile with us, or with our authorized representative, a sworn proof of loss within 90 days after the date of loss or damage." (*Id.*) However, Federal's General Adjuster (GA) Best Practices Guidelines ("Best Practices") state that a POL should be in the file where required "unless waived by the Supervisor and the rationale documented." (Doc. # 75-3 at 12.) The Best Practices also provide that "Reservations of Rights and/or Coverage Position letters need to be communicated . . . no later than 5 days . . . beyond recognition that a potential coverage exclusion or breach of a policy condition exists." (*Id.* at 3.)

On June 6, 2018, Power Engineering submitted a property loss notice for damage to Premises 2 to Federal. (Doc. # 75 at 2.) The notice stated that a recent inspection of the roof "indicated hail damage from 7/15/16." (Doc. # 64-1 at 1.) Federal assigned a claim number to the insurance claim ("Claim") and specified July 15, 2016, as the date of loss. (Doc. # 75 at 3.) Federal ultimately determined that there was hail damage warranting a full replacement of the roof at Premises 2 and paid a total of $269,883.74 to repair the covered damage. (*Id.*) Power Engineering did not submit a sworn proof of loss ("POL") at any time for claimed damage related to Premises 2. (*Id.*)

On October 2, 2018, Federal received notice that Power Engineering requested Premises 1 be inspected for damage as well. (Doc. # 64-1 at 4.) Federal adjusted the loss to Premises 1 as part of the existing Claim with the same claim number and date of loss. (Doc. # 75 at 3.) On January 22, 2019, Federal sent a letter to Power Engineering providing an estimate in connection with the hail damage to Premises 1 and attached a statement of loss which encompassed "the entire claim for both loss locations." (Doc. # 64-1 at 6; Doc. # 75 at 4.) Two days later, Federal paid $446,304.07 to repair the damage to Premises 1. (Doc. # 75 at 4.) It appears undisputed that at the time Federal made the payment for covered damage to Premises 1, Federal had never indicated that it was "reserving its rights," and Power Engineering had not submitted a POL. (*Id*.)

On January 25, 2019, Power Engineering's contractor emailed Federal that it disagreed with the scope and cost of repair. (*Id.*) In late June 2019, Power Engineering's public adjuster emailed Federal several documents, including a document titled "Sworn Statement in Proof of Loss." (Doc. # 64-1 at 7–8.) On June 27, 2019, Federal acknowledged receipt of the POL and informed Power Engineering, "[a]t this time, we neither accept or reject this Proof of Loss as we continue to investigate this loss under a full reservation of rights." (*Id.* at 9.) Federal again reserved its rights via letter on August 9, 2019, and notified Power Engineering for the first time that the Claim was "outside the policy's request of 90 days to notify us of a loss." (Doc. # 65 at 5; Doc. # 75 at 5.) However, in October 2019, Federal issued another payment of $136,944.27 for covered damage to Premises 1. (Doc. # 64-1 at 13.)

On December 4, 2019, Federal informed Power Engineering by letter that the Policy did not provide coverage for the remaining disputed items of the Claim. (*Id.* at 14.) Federal cited several provisions of the Policy, but it did not reference the POL requirement. (*Id.* at 14–16.) The parties continued to exchange communications regarding the disputed Claim until Power Engineering ultimately filed this lawsuit alleging two claims for relief: (1) breach of contract and (2) statutory unreasonable delay or denial of benefits under Colo. Rev. Stat. §§ 10-3-1115 and -1116. (Doc. # 9.)

On April 13, 2022, Federal filed its first motion for summary judgment on both claims on the grounds that (1) the breach of contract claim is time barred, and (2) the statutory claim for unreasonable delay or denial cannot proceed independent of the breach of contract claim. (Doc. # 53.) In a November 1, 2022 Order, this Court granted Federal's motion with respect to the breach of contract claim because there was no dispute that the claim was time barred. (Doc. #63 at 4–5.) However, the Court disagreed with Federal that a statutory bad faith claim could not proceed independent of a breach of contract claim. The Court therefore rejected Federal's argument that it was entitled to summary judgment on the statutory bad faith claim solely on the basis that the breach of contract claim was untimely. (*Id.*)

Notwithstanding the Court's rejection of Federal's summary judgment argument, the Court reserved ruling on Federal's Motion with respect to the statutory bad faith claim. (Doc. # 63 at 8–9.) The Court determined that supplemental briefing was necessary "in order to determine whether summary judgment is warranted on the statutory bad faith claim on the basis that Power Engineering cannot establish a

4

'covered benefit'" pursuant to Colorado law. (*Id.*) Specifically, it was unclear to the Court "whether Power Engineering complied with its duty under the Policy to file a 'sworn proof of loss within 90 days after the date of loss or damage' and, if not, whether such failure means that Power Engineering cannot establish that it is entitled to coverage under the Policy for the disputed loss." (*Id.* at 9.)

Federal timely submitted its Supplemental Briefing in support of its Motion for Summary Judgment (Doc. # 65). The matter is now fully briefed and ripe for review. (Doc. # 75; Doc. # 82.)

## II.   LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it is essential to the proper disposition of the claim under the relevant substantive law. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001). A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee, Okla.*, 119 F.3d 837, 839 (10th Cir. 1997). When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *See id.* However, conclusory statements based merely on conjecture, speculation, or subjective belief do not constitute summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact and entitlement to judgment as a matter of law. *Id.* In

attempting to meet this standard, a movant who does not bear the ultimate burden of persuasion at trial does not need to disprove the other party's claim; rather, the movant need simply point out to the Court a lack of evidence for the other party on an essential element of that party's claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

Once the movant has met its initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The nonmoving party may not simply rest upon its pleadings to satisfy its burden. *Id.* Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler*, 144 F.3d at 671. Stated differently, the party must provide "significantly probative evidence" that would support a verdict in his favor. *Jaramillo v. Adams Cnty. Sch. Dist. 14*, 680 F.3d 1267, 1269 (10th Cir. 2012). "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Adler*, 144 F.3d at 671.

### III.   DISCUSSION

In its Supplemental Briefing, Federal argues that Power Engineering did not comply with its duty under the Policy to file a POL within 90 days and therefore cannot establish that it is entitled to coverage under the Policy. (Doc. # 65.) Power Engineering concedes that it did not file a POL within 90 days but asserts that summary judgment is improper because Federal waived the POL requirement by investigating and adjusting the claim. (Doc. # 75 at 1.) Having reviewed the supplemental briefing and applicable

law, the Court agrees with Power Engineering that summary judgment is not appropriate because a reasonable jury could determine that Federal waived the POL requirement.

To prevail on a statutory bad faith claim, a plaintiff must show that "the insurer delayed or denied authorizing payment of a covered benefit without a reasonable basis for that action." Colo. Rev. Stat. § 10-3-1115(2). As part of proving that the benefit is "covered," a plaintiff may need to establish elements critical to a breach of contract claim, such as "the existence of a contract." *Am. Fam. Mut. Ins. Co. v. Barriga*, 418 P.3d 1181, 1186 (Colo. 2018). Accordingly, a plaintiff may be required to demonstrate that it "fully performed its obligations under the contract or that its performance was excused." *W. Distrib. Co. v. Diodosio*, 841 P.3d 1053, 1058 (Colo. 1992).

The Court agrees with Power Engineering that Federal likely waived the POL requirement by investigating and adjusting the Claim and making payments for covered losses for over a year without raising the issue of the lack of POL. *See Conn. Fire Ins. Co. v. Fox*, 361 F.2d 1, 6 (10th Cir. 1966) (stating that a proof of loss requirement "may be waived by the insurer either directly or through the acts of its agents"). Moreover, in its Reply, Federal concedes that the issue of waiver "likely presents a question of fact" in light of the Best Practices and the factual issues set forth in Power Engineering's Response. (Doc. # 82 at 2.) A reasonable jury, viewing the evidence in the light most favorable to Power Engineering, could determine that Federal waived the POL requirement by adjusting the claim and making payments for covered damages. Further, a reasonable jury could find that Federal failed to adequately reserve its rights

with respect to the POL requirement because Federal did not convey a reservation of rights to Power Engineering for approximately a year after the Claim was initiated.

For these reasons, the Court is satisfied that summary judgment is not appropriate on Power Engineering's statutory bad faith claim based on any alleged failure to comply with the POL requirement. The Court acknowledges that the parties continue to vigorously dispute whether Power Engineering can establish that it is entitled to coverage under the Policy for the disputed loss based on several other Policy provisions and requirements. Given that the issue of a "covered benefit" will likely be addressed by a second, substantive motion for summary judgment pursuant to the Scheduling Order in this case,[1] the Court will defer considering the matter until it is properly raised, briefed, and ripe for review. *See* (Doc. # 51.)

## IV.   CONCLUSION

For the foregoing reasons, it is ORDERED that Defendant's Motion for Summary Judgment (Doc. # 53) is DENIED with respect to Plaintiff's second claim for relief.

DATED:  June 5, 2023

BY THE COURT:

CHRISTINE M. ARGUELLO
Senior United States District Judge

---

[1] The Scheduling Order entered by Magistrate Judge N. Reid Neureiter contemplates two opportunities for Federal to file motions for summary judgment. (Doc. # 51.) First, after a limited discovery period, Federal was permitted to file its first motion for summary judgment based solely on the statute of limitations issue. (Doc. # 53.) Since that Motion is now denied with respect to Power Engineering's statutory bad faith claim, discovery will proceed and Federal "may file one additional motion for summary judgment" if necessary. (Doc. # 51.) In its Supplemental Briefing, Federal "specifically reserve[d] its right to file a second, substantive motion for summary judgment on Plaintiff's claim for statutory bad faith following completion of discovery stayed." (Doc. # 65 at 2.)